Filed 12/28/23  In re R.A. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| In re R.A. et al., Persons Coming Under the Juvenile Court Law. | C098656 |
| CALAVERAS COUNTY HEALTH AND HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J.A. et al., <br><br> Defendants and Appellants. | (Super. Ct. Nos. 22JD6470, 22JD6471 & 22JD6472) |

Appellant J.A. (father) and S.A. (mother), parents of the minors, appeal from the juvenile court's dispositional orders.  (Welf. & Inst. Code, §§ 388, 395.)[1]  The parents contend the court's orders exercising dependency jurisdiction and removing the minors

---

[1]      Undesignated section references are to the Welfare and Institutions Code.

1

from their custody were not supported by substantial evidence. The parents further claim the juvenile court erred in summarily denying their oral section 388 petition without an evidentiary hearing. We will affirm the juvenile court's orders.

BACKGROUND

In September 2022, the Calaveras County Health and Human Services Agency (the Agency) filed section 300 petitions on behalf of each of the three minors, R.A. (15 years old), D.A. (14 years old), and W.A. (13 years old) (the minors), which petitions were subsequently amended. The amended petitions included allegations pursuant to section 300, subdivisions (a), (b), (c), and (i) (hereafter sections 300(a), 300(b), 300(c), and 300(i)).[2]

The amended allegations asserted solely against father were based on serious physical harm inflicted on the minors by father, which was often the result of father's "binge drinking" resulting in "severe intoxication" (§ 300(a)(1)); serious physical harm due to father's repeated spanking of the minors with hard objects (§ 300(a)(2)); serious emotional damage due to father's use of various methods, including binge drinking, to escape having to parent the minors (§ 300(c)(2)); admitted handcuffing of then seven-year-old W.A. to a chair as a " 'scared straight' " tactic (§ 300(c)(3)); repeated yelling in D.A.'s face in such close proximity that father spit in D.A.'s face (§ 300(c)(4)); forcing D.A. to look at pornographic material to punish D.A. for saying " 'suck it' " or " 'suck my' " in jest (§ 300(c)(5)); and hitting, pushing, and threatening to kill D.A. and telling the minors, " 'I hope you all die in your sleep' " (§ 300(c)(6)).

The amended allegations asserted against both parents were based on father's alcohol abuse and mother's knowledge thereof and failure to protect the minors therefrom (§ 300(b)(1)-(3) & (7)); the parents' failure to ensure the minors' access to mental health

---

[2]    The section 300(i) allegations were subsequently dismissed.

support and therapeutic services (§ 300(b)(5) & (6)); and the parents' verbal abuse, belittlement, and denigration of the minors (§ 300(c)(1)).

The remainder of the amended allegations were asserted solely against mother and were based on her failure to protect the minors from spankings administered by their father and her failure to protect D.A. from being exposed to pornographic material by father despite being present when D.A. was exposed to the material (§ 300(b)(5) & (6)).

Over the course of the next several months, the parents made some progress (including father's work toward sobriety) but, in the Agency's estimation, not enough to warrant the return of the minors. As of March 2023, father was seven months sober and both parents had completed 60 hours of parenting classes. However, none of the minors wanted to testify at the disposition hearing or return home to the parents. In lieu of the minors' testimony, the juvenile court reviewed recordings of the minors' forensic interviews. The court declared the minors dependents of the juvenile court and ordered their continued removal from the parents' custody. The court further ordered that the parents be provided with reunification services and supervised visitation.

At the May 9, 2023, review hearing, the Agency opined that the parents had not yet exhibited the behavioral changes necessary to provide for the safe return of the minors and recommended that the juvenile court order continued out-of-home placement. Mother made an oral section 388 motion, and father joined, requesting that the court allow the two eldest minors to return to the parents' custody with family maintenance services provided. The Agency objected to the parents' oral section 388 motion as improper, and argued the minors were not ready to return home. The court denied the oral section 388 motion without prejudice.

Father and mother filed a timely appeal.

3

## DISCUSSION

## I

### *Jurisdiction*

The parents contend the juvenile court's jurisdictional findings were not supported by substantial evidence that the minors were at risk of suffering harm because of father's mental health and alcohol abuse issues. Without further analysis, they claim the evidence showed father was receiving mental health treatment and counseling, completed parenting courses, and had seven months of sobriety after completing a substance abuse treatment program and a psychiatric assessment; one of the minors stated the parents' corporal punishment had ceased five years prior; and two of the minors wanted to return home.

The Agency argues that, because the parents contest only some of the allegations in the amended petition, the juvenile court properly has jurisdiction, and we need not consider the sufficiency of the evidence as to the other bases for jurisdiction. We agree with the Agency.

We review the juvenile court's jurisdictional findings for substantial evidence. (*In re D.C.* (2015) 243 Cal.App.4th 41, 51, superseded by statute on other grounds as stated in *In re A.M.* (2020) 47 Cal.App.5th 303, 322.) " 'If there is any substantial evidence to support the [jurisdictional] findings of the juvenile court, a reviewing court must uphold the trial court's findings. All reasonable inferences must be in support of the findings and the record must be viewed in the light most favorable to the juvenile court's order. [Citation.]' " ( *In re Jeannette S.* (1979) 94 Cal.App.3d 52, 58) "[I]ssues of fact and credibility are the province of the trial court. [Citation.]" (*In re Heather A.* (1996) 52 Cal.App.4th 183, 193.) "We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court. [Citations.]" (*In re Matthew S.* (1988) 201 Cal.App.3d 315, 321.)

4

Here, the parents' claims on appeal leave unchallenged many of the allegations as to father and all of the allegations as to mother. That is, the parents challenge "allegations that the [minors] suffered or there was a substantial risk that the [minors] will suffer because of [father's] mental health issues or alcohol use." However, only a portion of the amended section 300 allegations were based on father's alcohol abuse (§ 300 (a)(2), § 300 (b)(1)-(3) & (7), § 300 (c)(2)) and none made reference to or were premised on his mental health. All of the remaining allegations—asserted against father only, mother only, and both parents (§ 300 (a)(1), § 300 (b)(4), (5), & (6), § 300 (c)(1), (3)-(6))—were not challenged on appeal by either parent.

A reviewing court may affirm a jurisdictional ruling if the evidence supports any of the counts in the dependency petition. (*In re Jonathan B*. (1992) 5 Cal.App.4th 873, 875; *In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.) Dependency jurisdiction is appropriate where substantial evidence supports at least one jurisdictional finding, even if there are other findings that are not supported by substantial evidence. (*In re Ashley B.* (2011) 202 Cal.App.4th 968, 979.) The parents, as the appellants, have the burden of proving the evidence was insufficient to sustain the juvenile court's findings. (*In re Geoffrey G.* (1979) 98 Cal.App.3d 412, 420.) Given that the parents challenged some but not all of the allegations in the amended petitions, they have not met their burden with respect to the remaining allegations, which provide support for the court's dependency jurisdiction.

II

*Removal*

The parents also contend there was insufficient evidence to support the juvenile court's dispositional order removing the minors from their custody. Again, without further analysis, the parents repeat their earlier argument that the evidence showed father was receiving mental health treatment and counseling, completed parenting courses, and had seven months of sobriety after completing a substance abuse treatment program and a

5

psychiatric assessment, and that one of the minors stated the corporal punishment had ceased five years prior and two of the minors wanted to return home. The parents' arguments lack merit.

To support an order removing a child from parental custody, the juvenile court must find clear and convincing evidence "[t]here is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's . . . physical custody." (§ 361, subd. (c)(1); *In re Heather A., supra*, 52 Cal.App.4th 183, 193.) The court also must "make a determination as to whether reasonable efforts were made to prevent or to eliminate the need for removal of the minor" and "state the facts on which the decision to remove the minor is based." (§ 361, subd. (e).)

"In determining whether a child may be safely maintained in the parent's physical custody, the juvenile court may consider the parent's past conduct and current circumstances, and the parent's response to the conditions that gave rise to juvenile court intervention." (*In re D.B.* (2018) 26 Cal.App.5th 320, 332; accord, *In re I.R.* (2021) 61 Cal.App.5th 510, 520.) "A removal order is proper if it is based on proof of (1) parental inability to provide proper care for the minor and (2) potential detriment to the minor if he or she remains with the parent. [Citation.] The parent need not be dangerous, and the minor need not have been harmed before removal is appropriate. The focus of the statute is on averting harm to the child." (*In re T.W.* (2013) 214 Cal.App.4th 1154, 1163.)

"The juvenile court has broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order." (*In re Javier G.* (2006) 137 Cal.App.4th 453, 462 [applying § 361, subd. (c) within the context of a § 387 removal].) When reviewing removal findings, " '[w]e review the record in the light most favorable to the trial court's order to determine whether there is substantial evidence from

6

which a reasonable trier of fact could make the necessary findings based on the clear and convincing evidence standard.' " (*T.J. v. Superior Court* (2018) 21 Cal.App.5th 1229, 1239-1240, italics omitted; see *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1004-1005.)

Here, the juvenile court considered the Agency's reports and heard argument from all counsel, including the following:  Father completed substance abuse treatment and parenting courses and obtained seven months of sobriety but continued to blame the minors for everything; issues remained regarding the appropriateness of discipline used by father; issues remained regarding father's use of alcohol; W.A. wanted to work toward reunification with her parents but was not yet ready; R.A. and D.A. previously stated they wanted to return home but had recently stated they wanted to proceed "a bit more slowly" and they wanted "a bit more time to work on things"; and R.A. and D.A. had yet to begin counseling, which they both needed to work through the trauma they previously suffered at the hands of the parents.

While the juvenile court acknowledged the parents' efforts toward rectifying the issues that led to the court's intervention, including father's progress in obtaining sobriety and both parents' completion of 60 hours of parenting courses, the court found "more needs to be done," noting the forensic interviews of the three minors made clear that there continued to be traumatic issues that needed to be addressed before the minors were "emotionally safe back in the home."  The court's order removing the minors from the parents' custody was supported by the evidence.

We find no abuse of discretion in ordering the minors removed from the parents' custody.

### III

### *Denial of Oral Section 388 Petition*

Finally, the parents contend the juvenile court erred in denying their oral section 388 petition because they made a prima facie showing of changed circumstances, as

demonstrated by the showing that father substantially completed his case plan. They further argue that they demonstrated the requested change was in the minors' best interests because two of the minors requested to return home and one of the minors stated corporal punishment by the parents ceased at least five years prior to the Agency's involvement.

The Agency argues the parents' oral section 388 request was properly denied because a section 388 petition must be made in writing, on the proper request to change court order form (JV-180), and verified, and the petitioner must provide notice to the parties. (§ 297, subd. (c); § 388, subd. (a),(1); *In re Baby Boy L.* (1994) 24 Cal.App.4th 596, 609; Cal. Rules of Court, rules 5.570(a), (b) & (g)(2).)

We agree that the parents' section 388 motion was improperly made and was therefore properly denied by the juvenile court. "Section 388 provides for the filing by a parent of a verified petition for modification of a juvenile court order based on changed circumstances." (*In re Marilyn H.* (1993) 5 Cal.4th 295, 305.) "Without the statutory procedures and safeguards created by the Legislature there would be nothing to preclude a parent from appearing at a section 366.26 hearing and, without prior notice to the court and other parties, assert a meritless claim of changed circumstances necessitating a delay of the hearing to allow the court to determine whether there is sufficient evidence to hold a hearing on the issue and to allow the other parties time to respond. After resolution of the issue raised, another such claim conceivably could be raised at the next section 366.26 hearing. This could result in lengthy and unnecessary delays in providing permanency for children, the very evil the Legislature intended to correct. The Legislature, therefore, has provided safeguards, through section 388, that require more than a last-minute oral attempt by a parent to delay permanency for a child" who has already spent significant time in out-of-home placement. (*Id.* at p. 310.)

Here, parents made an oral section 388 motion without providing the parties any prior notice and without providing anything verified or in writing let alone on the

8

designated form JV-180.  The juvenile court denied the oral motion without prejudice to the parents filing a written petition.  The court did not err in denying the parents' oral section 388 motion.  (§ 297, subd. (c); § 388, subd. (a),(1); *In re Baby Boy L., supra*, 24 Cal.App.4th 596, 609; Cal. Rules of Court, rules 5.570(a), (b) & (g)(2).)

## DISPOSITION

The juvenile court's orders are affirmed.


_____\s\_____,
Krause, J.



We concur:



_____\s\_____,
Duarte, Acting P. J.



_____\s\_____,
Renner, J.

9